The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
You have requested an Attorney General opinion concerning the confidentiality of certain library information.
Your question is:
 Does the phrase "business operating jointly with a library," as used in A.C.A. § 13-3-705(a), refer to a business or organization contracted by or performing under agreement with the library to conduct enterprises delineated in A.C.A. § 13-2-705(a)(3), such as contacting patrons in order to conduct a survey regarding library functions and policies?
RESPONSE
It is my opinion that the phrase about which you have inquired could be interpreted to include businesses and organizations operating under contract or agreement with the library to perform the functions referenced in A.C.A. § 13-2-705. However, it is my opinion that the phrase is not limited to such businesses or organizations.
A.C.A. § 13-2-705 states:
 (a) No provision of this subchapter shall be construed to prohibit any library or any business operating jointly with a library from disclosing information for the purpose of:
 (1) Collecting overdue books, documents, films, or other items or materials owned or otherwise belonging to such library;
 (2) Collecting fines on such overdue books, documents, films, or other items or materials; and
 (3) Contacting its patrons by telephone, mail service, or other medium for the purpose of notifying, informing, and educating such patrons or otherwise promoting the legitimate programs, policies, and other interests of the library.
 (b) Aggregate statistics shown from registration and circulation records with all personal identification removed may be released or used by a library or library system for research or planning purposes.
A.C.A. § 13-2-705.
The phrase "business operating jointly with a library," as used in the above-quoted statute, is not defined. Nevertheless, the phrase is not ambiguous. The Arkansas Supreme Court has held that in the absence of an ambiguity in statutory language, the words of the statute should be given their common meanings. Ghegan v. Weiss, 338 Ark. 9, 991 S.W.2d 536
(1999).
When the phrase "business operating jointly with a library" is given its common meaning, it could, in my opinion, refer to any kind of business that is operating under contract or agreement with a library. This broad reading of the phrase would certainly encompass businesses that have been engaged by the library to perform services such as contacting patrons in order to conduct a survey regarding library functions and policies, under Section (a)(3). It would clearly include businesses that have been engaged by the library to perform other functions, such as those delineated in Sections (a)(1) and (a)(2), as well.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh